FILED
SUPERIOR COURT
OF GUAM

2023 JUN -8 PM 4: 33

CLERK OF COURT

**IN THE SUPERIOR COURT OF GUAM** BY:_____

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0412-22** |
| | GPD Report No. 22-15904 |
| v. | |
| | **DECISION AND ORDER** |
| **RICO MANUEL TAITANO MANTANONA** | **DENYING DEFENDANT'S MOTION** |
| (*aka* **RICO TAITANO MANTANONA**), | **TO DISMISS THE INDICTMENT** |
| DOB: 09/16/1992 | **DUE TO THE VIOLATION OF THE** |
| | **SECOND AMENDMENT** |
| Defendant. | **AND THE DE MINIMIS NATURE** |
| | **OF THE ALLEGED OFFENSE** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 4, 2023 for hearing on Rico Manuel Taitano Mantanona's (*aka* Rico Taitano Mantanona's) ("Defendant's") Motion to Dismiss the Indictment Due to the Violation of the Second Amendment and the De Minimis Nature of the Alleged Offense ("Motion"). Assistant Attorney General Matthew Shuck represents the People, and Alternate Public Defender Theresa Dunphy represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

On June 15, 2022, Defendant was arrested and subsequently indicted on the charge of Possession of a Concealed Firearm Without a Valid Firearm ID Permitting Conceal (as a 3rd Degree Felony). See Indictment (Jul. 5, 2022). Police supposedly found a handgun concealed in the center console of a vehicle Defendant was driving. See Magistrate's Complaint (Jun. 16, 2022). Defendant has a Guam Firearms Identification Card, with a non-concealed status. Id.

On January 23, 2023, Defendant filed his Motion to Dismiss the Indictment Due to the Violation of the Second Amendment and the De Minimis Nature of the Alleged Offense. Defendant claims 10 G.C.A. §§ 60109 and 60109.1 violate the Second Amendment, for not fitting within any

Decision and Order Denying Defendant's Motion to Dismiss the Indictment Due to the Violation of the Second
Amendment and the De Minimis Nature of the Alleged Offense
CF0412-22, *People of Guam v. Rico Manuel Taitano Mantanona*
Page 1 of 6

historical tradition of firearms regulation on Guam. See Motion at 3-4 (Jan. 23, 2023). Defendant also claims his alleged conduct was de minimis in nature, being inconsistent with Guam's conceal carry law's purpose, and too trivial to warrant condemnation. Id. at 5-7.

On February 7, 2023, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim that Guam's conceal carry laws do not violate the Second Amendment, because applicants meeting the set of objective criteria laid out in 10 G.C.A. § 60109.1 can bypass the "exceptional cause" requirement laid out in 10 G.C.A. § 60109. See Opposition at 1-3 (Feb. 7, 2023). The People also claim Defendant's alleged conduct was not de minimis, and created harm the legislature specifically sought to avoid with Guam's concealed carry laws. Id. at 3-6.

The Court held a hearing on April 4, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

**I.    Neither 10 G.C.A. §§ 60109 nor 60109.1 violate the United States Constitution's Second Amendment, as they fit within the country's long-established history of nondiscretionary concealed carry restrictions.**

### a.    Defendant challenges the following laws:

Under Guam Law, "any person who carries a concealed firearm without a valid identification card evidencing permission to carry a concealed weapon shall be guilty of a felony." See 10 G.C.A. § 60121(c).

No identification card shall be issued permitting the holder to carry a concealed firearm of any nature unless:
(a) the applicant shows *exceptional cause* therefore. Such *exceptional causes* shall include, but not be limited to, facts which show that such concealment is absolutely necessary for an individual who is engaged in the protection of persons or property, or who shows that he has a genuine reason to fear for the safety of his person or property and that a concealed firearm would materially lessen the danger. Such permission, once stated upon the identification card, shall not be renewed unless, at the time for renewal, the application shows a continuing need for such permission, using the standards for such permission as they exist at the time for renewal. It shall be unlawful for any person to carry any firearm concealed unless he has received permission to carry

Decision and Order Denying Defendant's Motion to Dismiss the Indictment Due to the Violation of the Second Amendment and the De Minimis Nature of the Alleged Offense
CF0412-22, *People of Guam v. Rico Manuel Taitano Mantanona*
Page 2 of 6

such firearm and such permission is stated upon the face of his identification card; or

(b) an applicant meets the requirements for a concealed firearms license as defined in § 60109.1 of this Chapter.

See 10 G.C.A. § 60109 (*emphasis* added).

§ 60109.1 applicants can receive concealed firearms licenses directly from the Guam Police Department. The statute's wording clearly states the Guam Police Department has no discretion and must issue the permit if the applicant meets fourteen (14) listed conditions. See 10 G.C.A. § 60109.1(b) ("The Guam Police Department *shall* issue a license if the applicant").

## b. Legal standard:

The "right of the people to keep and bear arms" is a long-established liberty provided by the Second and Fourteenth Amendments. See U.S. Const. amend. II.

The burden of Second Amendment challenges falls on the respondents (the People), who must show that the challenged law is "consistent with the Second Amendment's text and historical understanding". See *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct.2111, 2118-2119 (2022). Courts can also "use analogies to longstanding laws" to determine whether a challenged law is constitutionally permissible. Id. at 2118. This is because "reliance on history to inform the meaning of constitutional text is more legitimate, and more administrable, than asking judges to 'make difficult empirical judgments' about 'the costs and benefits of firearms restrictions.'" Id. at 2118 (internal citations omitted).

## c. Application:

The Plaintiffs in *Bruen* challenged a similar law in New York, which required residents to obtain licenses to carry concealed firearms. Id. at 2117. New Yorkers had to show "proper cause exists" to carry a concealed firearm, which can be satisfied only if that applicant demonstrates "a special need for self-protection distinguishable from that of the general community." Id. at 2117. The Supreme Court ultimately struck that law down as unconstitutional, finding no broad American tradition justifying a

Decision and Order Denying Defendant's Motion to Dismiss the Indictment Due to the Violation of the Second Amendment and the De Minimis Nature of the Alleged Offense
CF0412-22, *People of Guam v. Rico Manuel Taitano Mantanona*
Page 3 of 6

discretionary proper-cause requirement for "law-abiding citizens with ordinary self-defense needs" to exercise "their right to keep and bear arms in public." Id. at 2121.

10 G.C.A. § 60109(a) allows Guam residents to show an "exceptional cause" necessitating their ability to carry a concealed firearm. As the Supreme Court laid out in *Bruen*, there is no broad American tradition of conceal carry applicants convincing government employees, in their discretion, that the applicant has a proper-cause (or exceptional cause) justifying concealed carry use in public.

However, 10 G.C.A. § 60109.1 removes any government employee discretion, and instructs them to issue conceal carry permits if an applicant meets fourteen (14) listed conditions. See 10 G.C.A. § 60109.1(b) ("The Guam Police Department *shall* issue a license if the applicant"). This allows applicants to bypass Guam's exceptional cause standard, and makes clear what conditions applicants must meet before acquiring conceal carry licenses. Unlike 10 G.C.A. § 60109(a)'s exceptional cause requirement, there is a great historical tradition of nondiscretionary concealed carry firearms regulations. See *Robertson v. Baldwin*, 165 U.S. 275, 281-283 (1897) ("the right of the people to keep and bear arms (article 2) is not infringed by laws prohibiting the carrying of concealed weapons").

10 G.C.A. §§ 60109 and 60109.1 are therefore both constitutional. They lay out clear requirements applicants must pass to receive concealed carry licenses, free from a state official's discretion. There is a long history of nondiscretionary conceal carry restrictions in the United States, and these laws are both constitutional as a result.

II.  **The indictment won't be dismissed due to any de minimis nature of the offense charged.**

a.  **Legal standard:**

Under Guam Law,

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
> (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

Decision and Order Denying Defendant's Motion to Dismiss the Indictment Due to the Violation of the Second Amendment and the De Minimis Nature of the Alleged Offense
CF0412-22, *People of Guam v. Rico Manuel Taitano Mantanona*
Page 4 of 6

(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

See 9 G.C.A. § 7.67.

b. **Application:**

i. **Charging Defendant's alleged criminal conduct is consistent with the purpose of Guam's conceal carry laws.**

A "concealed... firearm... shall mean a firearm which is carried on a person or within a vehicle in such a manner that it cannot be seen by the naked eye, but would be available for use by the person concealing or attempting to conceal the firearm or any other person aware of the firearm's existence." See 10 G.C.A. § 60108(e).

Defendant's alleged conduct clearly violates Guam's concealed carry laws, and punishing it is consistent with the purpose of those laws. The firearm in question was allegedly concealed because it was within Defendant's vehicle, hidden within the center console, within Defendant's immediate arm's reach, and available for instantaneous use being located alongside a loaded magazine. See Magistrate's Complaint (Jun. 16, 2023).

The allegations plainly lay out that Defendant was carrying a concealed firearm despite not having a license to do so. Guam law defines such conduct as a felony, so criminally charging Defendant's conduct complies with the purpose of Guam's concealed carry laws.

ii. **Defendant's alleged criminal conduct is serious enough to warrant the condemnation of conviction.**

When determining whether criminal charges should be dismissed for the alleged conduct being too trivial to warrant the condemnation of

Decision and Order Denying Defendant's Motion to Dismiss the Indictment Due to the Violation of the Second Amendment and the De Minimis Nature of the Alleged Offense
CF0412-22, *People of Guam v. Rico Manuel Taitano Mantanona*
Page 5 of 6

conviction, Courts analyze "the risk of harm to which society is exposed by Defendant's conduct". See *Guam v. Perez*, 2004 Guam 4 ¶ 12. Courts consider the following factors when analyzing the risk of harm: "(a) The circumstances surrounding the commission of the offense; (b) The existence of contraband; (c) The amount and value of property involved; (d) The use or threat of violence; and (e) The use of weapons." Id. at ¶ 12

Defendant's alleged conduct is serious enough to warrant the condemnation of conviction. The Defendant allegedly illegally carried a concealed weapon, complete with multiple loaded magazines, all within arm's reach while driving. This type of behavior endangers the entire community. Guam has a significant interest in ensuring that anyone carrying a concealed firearm must first train in firearms safety and demonstrate themselves as mentally sound. Allowing Defendant and others to plainly violate Guam's concealed carry laws without punishment would only encourage future violations, and result in more people illegally carrying concealed weapons.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Guam's conceal carry laws are constitutional, and Defendant's alleged conduct is too serious to warrant dismissal on de minimis grounds.

**IT IS SO ORDERED** this _June 8, 2023_.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss the Indictment Due to the Violation of the Second Amendment and the De Minimis Nature of the Alleged Offense
CF0412-22, *People of Guam v. Rico Manuel Taitano Mantanona*
Page 6 of 6